UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES L. RAY, III,                    )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )    No. 4:10-CV-1194-DDN
                                      )
JEFFERSON COUNTY JAIL,                )
                                      )
        Defendant.                    )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of James L. Ray, III (no. 330943) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See

28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six month period preceding the receipt of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of plaintiff's account statement indicates an average monthly deposit of $2.99, and an average monthly account balance of $.20.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $.60, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal

construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff, an inmate at the Moberly Correctional Center, seeks monetary relief under 42 U.S.C. § 1983 for the violation of his Eighth Amendment rights. The sole named defendant in the caption of the complaint is the Jefferson County Jail. In the "Statement of Claim" section of the complaint, plaintiff alleges that during his confinement at the Jefferson County Jail, he developed a serious staff infection all over his body and face. He claims that he "begged for medical attention" from everyone employed at the jail, including "Sgt. Wright," but he was totally neglected for eight weeks, because he had no money in his inmate account. Plaintiff also claims that "[t]he nurse at Jefferson County neglected [him] totally." Plaintiff alleges that it was not until he was transferred to the Eastern Reception Diagnostic and Correctional Center that he received proper care, but by that time, he "was already the victim of serious infection and permanent scar damage" on his face and other parts of his body.

**Discussion**

It is unclear to the Court who all of the intended defendants are in the instant action and precisely what plaintiff's

3

claims are against each of them.  Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint.  Moreover, the Court notes that jails, such as the Jefferson County Jail, are not suable entities under 42 U.S.C. § 1983.  See Lair v. Norris, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999)(en banc)(§ 1983 suit cannot be brought against state agency), cert. dismissed, 529 U.S. 1001 (2000); Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit).

Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendant at this time.  Plaintiff is advised that his amended complaint will supersede his original complaint [Doc. #1] and will be the only complaint this Court reviews.  Thus, plaintiff must include in the "Caption" of the amended complaint the names of all the parties who allegedly deprived him of his constitutional rights and who he wishes to sue in this action; and in the "Statement of Claim," he must set out specific facts against each named defendant in a simple, concise, and direct manner.[1]  Plaintiff should also

---

[1]Even pro se litigants are obligated to plead specific facts and must abide by the Federal Rules of Civil Procedure.  See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct").  Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the

4

indicate whether he is suing each of the individual defendants in his/her personal or individual capacity, or in both capacities.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without prepayment of the required filing fee. See 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $.60 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this order. In the amended complaint, plaintiff shall complete in its entirety the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," he shall set forth the specific factual allegations supporting his claim against the particular defendant, as well as the specific rights that he claims

---

Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant.

5

the defendant violated and the capacities in which he is suing defendants.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Memorandum and Order, the Clerk shall mail plaintiff the court-provided form for a prisoner to file a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e). Plaintiff is advised that the Court will consider only the amended complaint when reviewing this action under § 1915(e).

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 19, 2010.